IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRIAN A., et al.           )
                           )
v.                         ) NO. 3:00-0445
                           ) JUDGE CAMPBELL
PHIL BREDESEN, et al.      )

MEMORANDUM

Pending before the Court are Plaintiffs' Motion for Leave to File Supplemental Complaint (Docket No. 334) and Motion for Leave to File Second Supplemental Complaint (Docket No. 336). For the reasons stated herein, Plaintiffs' Motions are GRANTED.

FACTS

This action was originally filed in 2000 on behalf of a class of foster children in Tennessee. The original Complaint alleged that Defendants, the Governor of Tennessee and the Commissioner of the Tennessee Department of Children's Services ("DCS"), systematically failed to provide children in DCS custody with legally required services, in violation of their rights under the U.S. Constitution, federal statutes and federal common law.

In 2001, this Court approved the parties' settlement agreement and entered a Consent Decree which required comprehensive reform of the child welfare system in Tennessee. The Court has, since 2001, approved numerous stipulated modifications to the Consent Decree, the most recent being January 13, 2009. *See* Docket No. 289.[1] Among other things agreed to by the parties is the creation of a Technical Assistance Committee ("TAC"), composed of neutral child welfare experts, to monitor Defendants' continued compliance with the terms of the Settlement Agreement. The current monitoring period ends on December 31, 2009. *See* Docket No. 288-6, § XVI.

---

[1] *See also* Docket Nos. 190, 249, 264-65 and 282.

The Consent Decree provides that this Court "shall have continuing jurisdiction of this action to ensure compliance with the terms of this Settlement Agreement for as long as the Settlement Agreement remains in effect." Docket No. 288-6, Preamble.

In their Supplemental Complaint, Plaintiffs allege that Tennessee Code Annotated, Section 37-2-205(f), which became effective July 7, 2009, violates the Consent Decree and denies the Supplemental Plaintiffs and similarly situated persons the equal protection and due process rights guaranteed by the U.S. Constitution by establishing a pre-set limit on the number of children committed to DCS for whom the State will allocate resources.

## SUPPLEMENTAL PLEADINGS

Rule 15(d) of the Federal Rules of Civil Procedure provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

A supplemental pleading differs from an amended pleading in two respects: an amended pleading relates to matters which occurred prior to the filing of the original pleading and entirely replaces such pleading; a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading. *Habitat Education Center, Inc. v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wis. 2008).

The granting of a motion to file a supplemental pleading is within the discretion of the trial court and, as a general rule, applications for leave to file a supplemental pleading are normally granted. *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 362 (W.D. Tenn. 1999).[2]  Motions to

---

[2] Supplementation of original pleadings is to be liberally permitted when justice so requires. *Bromley v. Michigan Education Ass'n-NEA*, 178 F.R.D. 148, 153-54 (E.D. Mich. 1998).

2

supplement under Fed. R. Civ. P. 15(d) must be presented within a reasonable period of time. *Id*. Generally, they can be brought at any time the action is before the trial court. *Id*.

A supplemental pleading promotes as complete an adjudication of the dispute between the parties as possible. *Habitat*, 250 F.R.D. at 401. It is a tool of judicial economy and convenience which serves to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. *Id*.

A supplemental pleading may include new facts, new claims, new defenses, and new parties. *Stewart*, 189 F.R.D. at 361. Such events need not arise out of the same transaction or occurrence as the original claim, so long as they bear some relationship to the original pleading. *Habitat*, 250 F.R.D. at 402. In considering whether to allow a plaintiff to supplement its complaint, the Court should consider (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *Bromley v. Michigan Education Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998).

Where the original pleading placed the defendant on notice that the disputed conduct was of a continuing nature, the supplemental complaint should be allowed. *Bromley*, 178 F.R.D. at 154.

## PLAINTIFFS' MOTION

Plaintiffs' Original Complaint alleged that Defendants were failing to provide adequate resources and services to meet their legal obligations to foster children in DCS custody. As a result of the Original Complaint, the parties entered into a Settlement Agreement which provided for reformation of the child welfare system in Tennessee in varied and specific ways.

3

The Consent Decree recognizes that the State has primary responsibility for the care and protection of children who enter the foster care system. Docket No. 288-6, § I.(A)(5). One of the overall goals of the Consent Decree is to provide safe and appropriate permanent homes for children in DCS custody. "In making the determination about what plans and services will best meet that goal, the child's interests must be paramount." *Id*., § I.(A)(4). In addition, the Consent Decree states that all children in need of child welfare services should receive full and equal access to the best available services. *Id*., § I.(A)(6).

The Consent Decree also provides that Defendants shall commit all necessary resources (administrative, personnel, financial and otherwise) to implement all provisions of the Settlement Agreement. Docket No. 288-6, § I.(A)(13). The Consent Decree provides that child welfare decision-makers must have the professional capacity to make determinations as to when making efforts to preserve the biological family, or leaving the child with that family, is neither safe for the child nor likely to lead to an appropriate result for the child. *Id*., § I. (A)(2). Moreover, the Consent Decree provides that all parties in judicial proceedings involving neglect, abuse, unruly and delinquency shall be provided with a fair hearing and their constitutional and other legal rights shall be enforced and recognized. *Id*., § I.(A)(12).

As noted above, the Consent Decree provides that this Court shall retain jurisdiction to ensure enforcement of the provisions of the Settlement Agreement. In addition, the Consent Decree states that "Plaintiffs may bypass the dispute resolution provisions of this Settlement Agreement and seek immediate relief in court if plaintiffs clearly demonstrate that DCS action or inaction in contravention of this Settlement Agreement caused or is likely to cause an immediate and substantial risk of serious harm to children in the class." Docket No. 288-6, § XVIII. (B)(2)(c).

Plaintiffs assert that the intent of the new law, Tenn. Code Ann. § 37-2-205(f), is to save state funds by influencing decision-makers to commit fewer children to DCS custody. Plaintiffs contend that the statute violates the Consent Decree by interfering with the independent decision-making of decision-makers and results in Defendants' failure to make individualized commitment decisions for children in DCS custody based upon the proper statutory and regulatory factors. Plaintiffs' allegations, if proven, could show that the best interests of the child may not be Defendants' paramount concern in determining what services and plans are offered. Moreover, Plaintiffs' allegations, if proven, could indicate that all children are not being given equal access to appropriate plans and services.

The Court finds that the misconduct alleged in Plaintiffs' Proposed Supplemental Complaint substantially relates to the claims in the original proceedings in this case. Although Plaintiffs present new claims, those claims arise from Defendants' alleged failure to protect the constitutional and legal rights of children in DCS custody. In addition, the new law allegedly violates both the spirit and specific provisions of the Consent Decree.

The Court also finds that Plaintiffs have made application to file a Supplemental Complaint in a reasonably timely manner, the new law having just recently gone into effect. In addition, Defendants clearly were on notice that their obligations under the Consent Decree were continuing, as they are being continually monitored by the TAC and the Court has retained continuing jurisdiction to enforce the terms of the Settlement Agreement. Finally, there is no evidence that Plaintiffs are seeking to file their Supplemental Complaint for any bad motive or dilatory reason.

If the Court does not allow the Supplemental Complaint in this action, Plaintiffs could simply file a new lawsuit. Granting leave to file the Supplemental Complaint promotes judicial economy

5

and convenience, rather than requiring the expense, delay and waste of a separate action tried separately in this or another Court. This Court is in the best position to rule on the enforcement of its Consent Decree.

Finally, the Court cannot find, as a matter of law, that Plaintiffs' Supplemental Complaint is futile. As the Court noted before, Plaintiffs' allegations raise substantial legal claims which, if proven, could entitle Plaintiffs to injunctive and/or declaratory relief.

## CONCLUSION

For all these reasons, Plaintiffs' Motion for Leave to File Supplemental Complaint (Docket No. 334) and Motion for Leave to File Second Supplemental Complaint (Docket No. 336) are granted.

IT IS SO ORDERED.

                                                                                                                                                                  _____
                                                                       TODD J. CAMPBELL
                                                                       UNITED STATES DISTRICT JUDGE