UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN A., et al. ) | |
| ) | |
| Plaintiffs ) | Civ. Act. No. 3:00-0445 |
| ) | Judge Todd J. Campbell |
| v. ) | |
| ) | |
| PHIL BREDESEN, Governor of the ) | |
| State of Tennessee; and VIOLA MILLER ) | |
| Commissioner of the Tennessee ) | |
| Department of Children's Services ) | |
| ) | |
| Defendants ) | |

## JOINT STIPULATION EXTENDING MONITORING

This case was settled by a Settlement Agreement approved by the Court on July 27, 2001. (*See* Dkt. No. 109). It provided for "a Technical Assistance Committee ["TAC"] of five neutral experts in the child welfare field . . . to assist the state in meaningful implementation of the requirements of this Settlement Agreement" and for "an independent and neutral party who will monitor compliance with the terms of this Settlement Agreement." (*Id*. at §§ XIV.A; XV.A).

Since then, this Court has approved several agreed-upon modifications to the Settlement Agreement concerning monitoring, including extensions of monitoring:

1. The "Stipulation of Settlement" approved by the Court on December 29, 2003, extended Period II under the Settlement Agreement by 15 months and redefined Period III to be the 18-month period beginning December 1, 2005, and ending May 31, 2007. (*See* Dkt. No. 190 at 11). It also provided that, for a defined term, the *Brian A.* technical assistance committee (the "TAC") would "function as the independent monitor" for purposes of Section XV of the Settlement Agreement. (*See id.* at 9).

2. By "Stipulation Extending Monitoring," entered by the Court on February 28, 2006, it was agreed and ordered, in pertinent part, that "[t]he TAC shall continue in the role of independent monitor, as defined in Section XV of the Settlement Agreement, at least for the duration of Period III (as redefined in the Stipulation of Settlement, December 1, 2005 – May 31, 2007) plus an additional three months (the 'Continuation Period')." (Dkt. No. 250 at 3).

3. By "Stipulated Modifications to the Settlement Agreement and Request for Court Approval of Modified Settlement Agreement," entered by the Court on May 9, 2007, Period III was extended by a period of 13 months, such that Period III began on December 1, 2005 and ended on June 30, 2008. (*See* Dkt. No. 264 at 2). It was agreed and ordered, in pertinent part, that the TAC would continue in its role as independent monitor at least for the duration of the redefined Period III, plus an additional three month Continuation Period. (*See id*. at 3). The TAC was to report on performance under the entire Settlement Agreement during and after the end of the redefined Period III. (*See id*.).

4. By "Stipulated Modifications to the Settlement Agreement and Request for Court Approval of the 2008 Modified Settlement Agreement," entered by the Court on October 1, 2008, a Period IV was created under the Settlement Agreement, which began on July 1, 2008, and ended on December 31, 2009. (*See* Dkt. No. 282 at 3). It was agreed and ordered, in pertinent part, that the TAC would continue in its role as independent monitor for at least for the duration of the Period IV, plus an additional six-month Continuation Period. (*See id*.). The TAC was to report on performance under the entire Settlement Agreement during and after the end of the Period IV, and Defendants would continue to fund the TAC's monitoring and technical assistance functions. (*See id*. at 3-4). These stipulations further required that, prior to the June 30, 2010, conclusion of the Continuation Period, the parties, in consultation with the TAC, would determine whether it was advisable for the TAC to continue in the role of independent monitor following the expiration of the Continuation Period or whether a separate independent monitor should be retained to fulfill the responsibilities described in Section XV of the Settlement Agreement. (*See id*. at 6).

The parties are now engaged in good faith negotiations toward a "2010 Modified Settlement Agreement and Exit Plan." If such negotiations are successful, this agreement will constitute a significantly modified set of obligations for the Plaintiff class which, if complied with, are designed to lead Defendants towards successful termination of jurisdiction over this

action. The parties anticipate presenting this plan to the Court for review on or before September 15, 2010.

Pursuant to the 2009 Modified Settlement Agreement (Dkt. No. 288), which remains in full force and effect, the parties and the TAC have consulted numerous times concerning the continuation of monitoring following the expiration of the Continuation Period on June 30, 2010.

THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:

1. The TAC shall continue in the role of independent monitor, as defined in Section XV of the 2009 Modified Settlement Agreement (Dkt. No. 288), for an additional six-month period (*i.e.*, through December 31, 2010).

2. The TAC shall consist of three to five neutral experts in the child welfare field. In no event shall the number of standing TAC members be less than three or more than five.

3. The TAC shall report on performance under the entire Settlement Agreement for Period IV.

4. Defendants shall continue to fund the TAC's monitoring and technical assistance functions for the additional six-month period. The TAC shall exercise final authority over its use and expenditure of monitoring and technical assistance funding.

5. The contemplated continued monitoring will best further the purposes of the Settlement Agreement.

6. The 2009 Modified Settlement Agreement (Dkt. No. 288) remains in full force and effect.

DATED: June 29, 2010

**APPROVED FOR ENTRY:**

**ATTORNEYS FOR PLAINTIFFS:**

 /s/ Marcia Robinson Lowry
MARCIA ROBINSON LOWRY (*pro hac vice*)
IRA LUSTBADER (*pro hac vice*)
CHILDREN'S RIGHTS, INC.
330 Seventh Avenue, 4th Floor
New York, NY 10001
(212) 683-2210

 /s/ David L. Raybin
DAVID L. RAYBIN (TN BPR #003385)
HOLLINS, RAYBIN AND WEISSMAN P.C.
SunTrust Center, 22nd Floor
424 Church Street
Nashville, TN 37219
(615) 256-6666

JACQUELINE B. DIXON (TN BPR #012054)
WEATHERLY, MCNALLY AND DIXON, P.L.C.
SunTrust Center, 22nd Floor
424 Church Street
Nashville, TN 37219
(615) 256-6666

**OF COUNSEL FOR PLAINTIFFS**:

RICHARD B. FIELDS (TN BPR #4744)
688 Jefferson
Memphis, TN 38105
(901) 578-7709

JOHN W. PIEROTTI (TN BPR #7851)
ROBERT LOUIS HUTTON (TN BPR #15496)
Glankler Brown, PLLC
Suite 1700, One Commerce Square
Memphis, TN 38103
(901) 525-1322

-4-
Case 3:00-cv-00445   Document 405   Filed 06/29/10   Page 4 of 5 PageID #: 8245

WADE V. DAVIES (TN BPR #016052)
Ritchie, Fels & Dillard, P.C.
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661


**ATTORNEYS FOR DEFENDANTS:**

 /s/ Douglas E. Dimond
DOUGLAS E. DIMOND (TN BPR #017953)
ELIZABETH C. DRIVER (TN BPR #019363)
Office of the Attorney General
General Civil Division
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243
(615) 532-7913


**SO ORDERED:**

_____Todd Campbell_____
HONORABLE TODD J. CAMPBELL, U.S.D.J.        DATE